## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NELSON RAMOS,** | : |
| **Plaintiff,** | : NO.: 2:21-cv-04255-HB |
| v. | : |
| **CITY OF PHILADELPHIA**, and | : |
| **THOMAS LICIARDELLO**, individually and in his official capacity as a police officer for the City of Philadelphia, | : **JURY TRIAL DEMANDED** |
| and **BRIAN REYNOLDS**, individually and in his official capacity as a police officer for the City of Philadelphia, | : |
| and **PERRY BETTS**, individually and in his official capacity as a police officer for the City of Philadelphia, | : |
| and **MICHAEL SPICER,** individually and in his official capacity as a police officer for the City of Philadelphia, | : |
| and **JOHN SPEISER**, individually and in his official capacity as a police officer for the City of Philadelphia, | : |
| and **LINWOOD NORMAN**, individually and in his official capacity as a police officer for the City of Philadelphia, | : |
| and **TIMOTHY BOGAN**, individually and in his official capacity as a police officer for the City of Philadelphia, | : |
| **Defendants.** | : |

## **AMENDED COMPLAINT**

Plaintiff, Nelson Ramos complains and requests relief against the City of Philadelphia, police officers Thomas Liciardello, Brian Reynolds, Perry Betts, Michael Spicer, John Speiser, Linwood Norman and Timothy Bogan and in support thereof avers as follows:

**PRELIMINARY STATEMENT**

1. This is a civil rights case brought against the City of Philadelphia and its individual police officers in their official and criminal capacities who engaged in a widespread criminal scheme which sent many innocent Philadelphia citizens to jail based on bogus charges.

2. Plaintiff Nelson Ramos is one of those victims.

3. In 2006, Plaintiff was arrested for possession with intent to distribute narcotics.

4. Defendant Perry Betts was the arresting officer.

5. He was sentenced to 8 to 23 months in prison with 18 months of probation.

6. In 2019, the Philadelphia District Attorney's Office sent Plaintiff a letter notifying him of corruption in the Philadelphia Police Department officers who arrested him.

7. Plaintiff did not know and had no way of knowing of the corruption within the Philadelphia Police Department.

8. In *Commonwealth v. Nelson Ramos*, CP-51-CR-0604831-2006, the Philadelphia Court of Common Pleas—Criminal Trial Division considered a Motion For A New Trial Based Upon After Discovered Evidence, Alternatively, For Post-Conviction Collateral Relief, Or Alternatively, For Writ Of Habeas Corpus.

9. On September 27, 2019, the Honorable Lillian Ransom granted the Philadelphia District Attorney's motion *nolle prose* of all charges against Nelson Ramos under docket number CP-51-CR-0604831-2006.

10. Judge Ransom determined that Plaintiff's conviction was improper and the charges against him were dismissed.

11. This fact was too late for Mr. Ramos who had already spent three years in prison and on probation.

12. On October 2, 2019, Mr. Ramos received a letter from the Defender Association of Philadelphia advising him that his conviction on possession charges were dismissed.

## PARTIES

13. Plaintiff Nelson Enrique Ramos is an adult individual with an address at 3151 Rorer Street, Philadelphia.

14. Defendant, City of Philadelphia, is a municipality of the Commonwealth of Pennsylvania, and owns, operates, manages, directs, controls, and is otherwise responsible for the Philadelphia Police Department.

15. Defendant, Officer Thomas Liciardello, is an adult individual and police officer, employed by the Police Department of the City of Philadelphia. Officer Liciardello is being sued both in his individual capacity and in his official capacity as an employee of the City of Philadelphia Police Department.

16. Defendant, Officer Brian Reynolds, is an adult individual and police officer, employed by the Police Department of the City of Philadelphia. Officer Reynolds is being sued both in his individual capacity and in his official capacity as an employee of the City of Philadelphia Police Department.

17. Defendant, Officer Perry Betts, is an adult individual and police officer, employed by the Police Department of the City of Philadelphia. Officer Betts is being sued both in his

individual capacity and in his official capacity as an employee of the City of Philadelphia Police Department.

18. Defendant, Officer Michael Spicer, is an adult individual and police officer, employed by the Police Department of the City of Philadelphia. Officer Spicer is being sued both in his individual capacity and in his official capacity as an employee of the City of Philadelphia Police Department.

19. Defendant, Officer John Speiser, is an adult individual and police officer, employed by the Police Department of the City of Philadelphia. Officer Speiser is being sued both in his individual capacity and in his official capacity as an employee of the City of Philadelphia Police Department.

20. Defendant, Officer Linwood Norman is an adult individual and police officer, employed by the Police Department of the City of Philadelphia. Officer Norman is being sued both in his individual capacity and in his official capacity as an employee of the City of Philadelphia Police Department.

21. Defendant, Officer Timothy Bogan, is an adult individual and police officer, employed by the Police Department of the City of Philadelphia. Officer Bogan is being sued both in his individual capacity and in his official capacity as an employee of the City of Philadelphia Police Department.

22. Defendant, City of Philadelphia, is a municipality of the Commonwealth of Pennsylvania, and owns, operates, manages, directs, controls, and is otherwise responsible for the Philadelphia Police Department which at all relevant times employed officers Liciardello, Reynolds, Betts, Spicer, Speiser, Norman, and Bogan.

23. At all times relevant to this action, the City of Philadelphia acted through its employee police officers, including the officers named as Defendants in this action.

24. At all times relevant to this action, the Officer Defendants were acting under color of state law pursuant to official policy, custom, or practice of the City of Philadelphia and/or the Philadelphia Police Department.

## JURISDICTION AND VENUE

25. Plaintiff brings this action pursuant to 42 C.S.C. §§ 1983, 1985, and 1988, and 28 U.S.C. §§ 1331 and 1343(a)(l), (3), and (4).

26. This court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

27. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) in that all Defendants may be found and served in Philadelphia, PA, all occurrences relevant to this lawsuit took place in Philadelphia, PA, which is within the bounds of the Eastern District of Pennsylvania.

## FACTUAL BACKGROUND

28. In 2007, Mr. Ramos was incarcerated for possession of, with an intent to distribute, *inter alia*, marijuana.

29. The Officer Defendants had no right to search Plaintiff as there was no probable cause that he had committed any crime.

30. Mr. Ramos was incarcerated in the Philadelphia Detention Center and on probation for approximately three years.

31. According to a federal complaint, Officers Liciardello, Reynolds, Betts, Spicer, Speiser and Norman regularly invented facts in their arrests to establish probable cause.

32. They planted drugs, stole drugs, stole money and lied about it in police paperwork.

5

33. Based on the allegations, the Defender Association filed petitions to reopen over 1,400 convictions in which these officers were involved, including Mr. Ramos' case.

34. On September 27, 2019, the Philadelphia District Attorney's Office and Judge Lillian Ransom agreed that Mr. Ramos' conviction was improper.

35. As a result, the Philadelphia District Attorney's Office reopened Mr. Ramos' conviction and then dismissed the charges against him.

36. On October 2, 2019, Mr. Ramos received a copy of the judge's order advising him that his conviction was vacated.

37. Plaintiff did not commit the crimes to which he was convicted and served a considerable term of imprisonment.

38. As a direct and proximate result of the wrongful arrest and conviction, Plaintiff suffered significant harm, including, but not limited to the following:

    a. Imprisonment;
    b. Loss of liberty and freedom;
    c. Embarrassment and humiliation;
    d. Loss of life's pleasures;
    e. Emotional distress;
    f. Deprivation of property;
    g. Interference with daily activities;
    h. Loss of past income;
    i. Loss of future income; and
    j. Fines and court costs for false charges;
    k. Medical bills, lost income, and pain and suffering due to the injuries from being wrongfully incarcerated.

39. On September 25, 2014, the Defender Association of Philadelphia filed a Post-Conviction Relief Act Petition.

40. On June 27, 2019, the Court granted the Post-Conviction Relief Act Petition, ordering that all charges would be nolle prossed and all fines and costs would be remitted.

41. The June 27, 2019 Order which nolle prossed Plaintiff's conviction constitutes a "*favorable termination* of the underlying criminal prosecution" under *Thompson v. Clark*, 596 U.S. __ (2022)(citing *Heck v. Humphrey*, 512 U.S. 477, 484 n. 4 (1994)).

## COUNT I
## 42 U.S.C. § 1983 – MALICIOUS PROSECUTION
## <u>NELSON RAMOS V. ALL DEFENDANTS</u>

42. The averments of all preceding paragraphs are incorporated by reference as though fully set forth herein.

43. Defendant Officers initiated a meritless criminal proceeding against Plaintiff, the criminal proceeding without probable cause.

44. The malicious prosecution ended in Plaintiff's favor when the District Attorney of Philadelphia nolle prossed Plaintiff's criminal case because the Defendant Officers falsified evidence against Plaintiff to have him arrested, charged, prosecuted, and convicted.

45. The Defendants took those actions maliciously and with a purpose other than bringing Plaintiff to justice.

46. As a consequence of this malicious prosecution, Plaintiff suffered deprivation of liberty and was incarcerated for three years and was on probation following the incarceration.

47. Defendant, City of Philadelphia, is liable because it implemented policies and procedures that allowed corrupt officers to flourish in the Philadelphia Police Department.

48. The City of Philadelphia knew or should have known that the Officer Defendants were corrupt and not credible, yet continued to employ them as police officers and continued to allow them to act corruptly, prepare false paperwork, testify falsely in court and participate in the malicious prosecution of Plaintiff.

49. As a direct and proximate result of the conduct of Defendant, City of Philadelphia, by and through the conduct of its employees and agents, Officer Defendants, Plaintiff, Nelson Ramos was deprived of his right to be secure of in his person and property, and to be free of unreasonable searches and seizures, under the 4th Amendment of the United States Constitution.

50. Defendant, City of Philadelphia, used insufficient oversight, monitoring, training, supervision, and discipline with its police force, especially as to Officer Defendants, who knowingly and intentionally abused their police power, engaging in illegal searches and seizures, when they knew that there was no probable cause, in violation of the 4th Amendment to the United States Constitution.

51. Plaintiff, Nelson Ramos, is entitled to attorney's fees and cost of prosecution of this suit pursuant to 42 U.S.C. § 1988.

## COUNT II
## 42 U.S.C. § 1983 – FOURTEENTH AMENDMENT–DUE PROCESS
## NELSON RAMOS V. CITY OF PHILADELPHIA

52. The averments of all preceding paragraphs are incorporated by reference as though fully set forth herein.

53. Defendant, City of Philadelphia, is liable because it implemented policies and procedures that allowed corrupt officers to flourish in the Philadelphia Police Department.

54. The City of Philadelphia knew or should have known that its officers and agents corruptly deprived Plaintiff his due process rights guaranteed by the Fourteenth Amendment.

55. The City of Philadelphia failed to stop its agents and employees from taking actions which deprived Plaintiff of his due process rights guaranteed by the Fourteenth Amendment.

56. As a direct and proximate result of the conduct of Defendant, City of Philadelphia, Plaintiff, Nelson Ramos, was deprived of his right to due process under the law, under the 14th Amendment of the United States Constitution.

57. Defendant, City of Philadelphia, used insufficient oversight, monitoring, training, supervision, and discipline with its police force who knowingly and intentionally abused their police power, depriving citizens such as Nelson Ramos of his liberty and property without probable cause, in violation of the 14th Amendment to the United States Constitution.

58. As a direct and proximate result of the City of Philadelphia's actions, Plaintiff's substantive due process rights protected under the 14th Amendment were violated and as a direct result of those violations, Plaintiff suffered injuries and deprivations, the most serious of which was his imprisonment and period of probation.

59. Plaintiff, Nelson Ramos, is entitled to attorney's fees and cost of prosecution of this suit pursuant to 42 U.S.C. § 1988.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## NELSON RAMOS V. ALL DEFENDANTS

60. The averments of all preceding paragraphs are incorporated by reference as though fully set forth herein.

61. Separate from his claims under federal law, Plaintiff seeks damages under Pennsylvania law for the intentional infliction of emotional distress caused by Defendants.

62. During the course of the events described above, the City of Philadelphia and the Officer Defendants acted in concert and conspiracy in knowingly and intentionally committing the egregious conduct of depriving Plaintiff of his freedom when they knew that Plaintiff had done nothing wrong and that they had no probable cause or arrest, detain, or charge Plaintiff with any crimes.

63. The actions of Defendants to arrest, charge, and author reports designed to get Plaintiff convicted of crimes that he did not commit and that Defendants knew that he did not commit constituted an intentional infliction of emotional distress under Pennsylvania law.

64. The conduct of the City of Philadelphia and Officer Defendants constitute extreme and outrageous conduct that is beyond the scope of conduct tolerated in society such that it violates basic concepts of human decency and shocks the conscious of society.

65. The actions of all Defendants exceeded the normal standards of decent and reasonable conduct and were willful, malicious, oppressive, and outrageous, and therefore, punitive damages are justified for the conduct of the officers and to discourage said officers from acting in such a manner in the future.

66. Plaintiff is entitled to damages under Pennsylvania law for the tortious acts of the Defendants.

67. Plaintiff did not know and would have no way of knowing of the tortious acts of the Defendants until the corruption of the Defendants came to light.

68. Defendants' fraudulent concealment of their corrupt activities prevented Plaintiff from pursuing these claims until he learned on October 2, 2019 that his conviction was vacated and a new trial was granted.

69. Under *Fine v. Checcio*, 582 Pa. 253, 870 A.2d 850 (2005), Plaintiff did not discover that his improper incarceration and probation period was causally connected to the Defendants' corrupt conduct.

70. Nor was it apparent to Plaintiff that there was a causal connection between his injuries and the Defendants' actions.

71. As a consequence of the Defendants' intentional infliction of emotional distress, Plaintiff suffered damages.

**WHEREFORE,** Plaintiff, Nelson Ramos, requests the following relief from Defendants:

   a. Compensatory damages in excess of $150,000;
   b. Prejudgment interest, attorneys fees, and costs;
   c. Punitive damages against the individual defendants in their individual and official capacities; and
   d. Other relief as the Court determines to be reasonable and just.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury pursuant to F.R.C.P. 38.

    Respectfully submitted,

    **MESSA & ASSOCIATES, P.C.**

By:   */s/ Thomas N. Sweeney*
      Joseph L. Messa, Jr., Esquire
      Thomas N. Sweeney, Esquire
      Attorneys for Plaintiff